Ellis J. Staley, Jr., J.
In this proceeding the petitioner seeks a declaratory judgment which would decree:
1. That it is the duty of the Secretary of State to certify the nomination of the Conservative party candidates for presidential and vice-presidential electors notwithstanding that said electoral candidates are not enrolled as members of the Conservative party and have not filed an acceptance of such nomination as provided in subdivision 1 of section 139 of the Election Law and
2. That the Conservative party may comply with the filing requirements of subdivision 9 of section 131 of the Election Law by making timely delivery of a nomination certificate which does not specify the names of its candidates for presidential and vice-presidential electors, but instead incorporates by reference the names listed in the nomination certificate of the candidates for electors filed by the Republican party of the State of New York.
The petitioner is the State chairman and chairman of the State committee of the New York State Conservative party, a duly constituted political party as defined by subdivision 4 of section 2 of the Election Law. The respondent, John P. Lomenzo, is the Secretary of State of the State of New York and is charged with the duty under section 70 of the Election Law of certifying to the various Boards of Election throughout the State the names of candidates duly nominated by political parties. The respondent, Fred A. Young, is the State chairman and chairman of the State committee of the Republican party, a duly constituted political party in New York State. The State committees of both the Conservative and Republican parties are empowered by subdivision 1 of section 131 of the Election Law to nominate candidates for the 43 presidential and vice- *1096 presidential electors to represent New York State in the Electoral College which will choose the next President and Vice-President of the United States.
It is expected that the candidates for elector nominated by the Republican party will support the candidacy of Barry M. Goldwater for the presidency and the candidacy of William E. Miller for the vice-presidency. The petitioner seeks to enhance the candidacy of Senator Goldwater and Congressman Miller by the nomination and submission to the voters as the Conservative party’s candidates for elector, the identical list of electors to be nominated by the Republican party.
The first issue here is whether or not the petitioner is legally entitled to such relief in the absence of the acquiescence and approval by the said Republican candidates for elector to become the candidates for elector of the Conservative party.
Section 139 of the Election Law provides as follows: “ 1. A person designated as a candidate for nomination or for party position, or nominated for an office otherwise than at a primary election, may, in a certificate signed and acknowledged by him, and filed as provided in this article, decline the designation or nomination; provided however, that, if designated or nominated for a public office other than a judicial office by a party of which he is not a duly enrolled member, or if designated or nominated for a public office other than a judicial office by more than one party or independent body or by an independent body alone, such person shall, in a certificate signed and acknowledged by him, and filed as provided in this article, accept the designation or nomination as a candidate of each such party or independent body other than that of the party of which he is an enrolled member, otherwise such designation or nomination shall be null and void.”
Section 130 of the Election Law provides as follows: “ Nominations of candidates for election to public office, to be voted for by official ballot, are governed by this article ”. (Art. 6.)
Subdivision 1 of section 131 of the Election Law provides as follows: “ 1. Party nominations of candidates for the office of elector of president and vice-president of the United States, one for each congressional district and two at large, shall be made by the state committee.”
A review of the wording of the three sections of the Election Law above cited leads to only one conclusion and that is that the office of elector is a public office and, as such, is subject to the provisions of the Election Law governing the election of candidates for public office. (Matter of American Labor Party [Flanigan], 182 Misc. 971.)
*1097 Any nominee of the Conservative party for the office of elector who is not a duly elected member of the Conservative party and who does not file a written certificate accepting such nomination as provided by the Election Law will not become the legal nominee of that party for such office, since the nomination by law becomes null and void. (Election Law, § 139, subd. 1.)
The Secretary of State would, therefore, be violating his legal duty if he certified the nomination for the office of elector of the Conservative party of a person who was not enrolled in that party and who had failed to file an acceptance of such nomination as provided by subdivision 1 of section 139 of the Election Law.
The second issue presented here is whether or not the Conservative party may file a nominating certificate for the office of elector by incorporating, as the names of the persons to be so nominated, the names of the persons listed in the nominating certificate filed by the Republican party for the office of elector.
Subdivision 9 of section 131 of the Election Law provides as follows: ‘ ‘ 9. Certificates of such nominations, made otherwise than at a fall primary, shall contain the name of the party which the body making the nomination represents, the title of the office for which each person is nominated, the name and residence of each such person, and if in a city, the street number of such residence, may name the committee, if any, appointed to fill vacancies in the nominations, and shall be signed by the presiding officer and a secretary of the body making the nomination, and appended to the certificate shall be their affidavit that they were such officers and that the statements in such certificates are true.”
The statute is crystal clear that the names and addresses of the candidates nominated for public office must be set forth in the nominating certificate. No alternative method is provided for and it is impossible to interpret the requirements of the statute to meet the petitioner’s suggestion that such names and addresses may be included and incorporated by reference to another political party’s nomination certificate.
The filing of a certificate of nomination for the office of elector of the Conservative party including the incorporation by reference of the nominees for the office of elector contained in the certificate of nomination filed by the Republican party does not meet the requirements of subdivision 9 of section 131 of the Election Law and would, therefore, be an illegal and invalid certificate of nomination. (Selbst v. Askin, 4 A D 2d 926.) ,
*1098 It is undoubtedly true that the American people have grown to regard the Electoral College as a matter of minor importance and that, in the process of selection of a President and Vice-President, the significance of the elector has become atrophied. Nevertheless, the constitutional framework of the Electoral College still exists in spite of continued criticism as to its necessity and effectiveness. The election of the candidates for the presidency and vice-presidency by direct vote of the People is still not a reality, and it is an evident possibility that such a candidate may receive a majority of the People’s vote and not achieve election to office. Even in spite of the technical requirements for the nomination of electors as provided by the Election Law of New York State the individual voter is still guaranteed a choice in the national election since one political party will present candidates for elector in support of President Johnson and Senator Humphrey and another political party will present candidates for elector in support of Senator G-oldwater and Congressman Miller.
The application herein is dismissed in toto.